[No. 7,186.—Department Two.]
June 29, 1882.

# THE ORIGINAL COMPANY OF THE WILLIAMS & KELLINGER ETC. v. THE WINTHROP MINING COMPANY.

MINING LAW—LOCAL REGULATIONS—CUSTOMS—INSTRUCTIONS.—In an action of ejectment for a mining claim, the Court instructed the jury, that the location of a mining claim must not only observe the law of Congress (Act of May 10, 1872, Statutes at Large), which requires that "ten dollars' worth of labor shall be performed or improvements made each year for each one hundred feet in length along the vein," but also the local regulations of the miners of the district, which require "that work shall be done every sixty days on the claim."

*Held:* The Court erred; there is a clear conflict between the law and the regulations, and the law must prevail.

APPEAL from an order denying plaintiff's motion for a new trial, in the Superior Court of the City and County of San Francisco. CAREY, J.

*Pratt & Metcalfe,* for Appellant.

By the Act of May 10, 1872, and the Acts of March 1, 1873, and June 6, 1874, amendatory thereof, which may be termed Acts of relief for those who had located mining claims prior to the passage of the Act of May 10, 1872, Congress had provided, that the amount of work to be performed and the time in which such work shall be performed is extended to January 1, 1875. (Sickles Min. L. & Dec. 24, 32.)

The Court below held, that there is no conflict between these Acts of Congress and the local rules and regulations then in force in the district where the mine is located. But their provisions plainly appear to us irreconcilable. That the Acts of Congress are the paramount law, is too plain for argument. Under the Acts of Congress above cited, appellants had until the first day of January, 1875, in which to make the first annual expenditure. (*Belk* v. *Meagher et al.,* 3 Morrison's Trans. 243; *Du Prat* v. *James et al.,* 9 P. C. L. J. 56.)

*George F. & W. H. Sharp* and *George Turner,* for Respondent.

Under the Act of Congress of May 10, 1872, a compliance with the local laws and rules of the mining district are re-

quired. Under this provision, the local law can not contradict, but may add to the Act of Congress, in all matters not inconsistent with the Act. (Skidmore's Mining Statutes, 59; Weeks on Mineral Lands, 189.)

SHARPSTEIN, J.:

We think that the Court erred in charging the jury that a locator of a mining claim must not only observe the law of Congress which requires that "ten dollars' worth of labor shall be performed or improvements made each year for each one hundred feet in length along the vein, until a patent shall have been issued therefor," but also the local regulations of the miners of the district, which require "that work shall be done every sixty days on the claim."

According to the law of Congress, a locator would forfeit his claim if he did not each year perform work or make improvements of the value of ten dollars for each hundred feet of the vein. But by the local regulations, he would forfeit it if he did not perform some work on it every sixty days. It seems to us that there is a clear conflict between the law and the regulations. And if there is, it is conceded that the law must prevail.

Order denying motion for new trial reversed.

MYRICK, J., MORRISON, C. J., and THORNTON, J., concurred.